# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN RAFAEL CEPEDA CABRERA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 4:18-CV-473 |
| | : | |
| WARDEN CLAIR DOLL, | : | (Judge Brann) |
| | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

## OCTOBER 29, 2018

**I.** **BACKGROUND**

Edwin Rafael Cepeda Cabrera filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Named as Respondent is Warden Clair Doll of the York County Prison. Service of the petition was previously ordered.

Petitioner's pending § 2241 petition challenges his indefinite detention pending completion of his removal proceedings under the standards set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and related cases.

Cabrera is a native and citizen of the Dominican Republic and a lawful permanent resident of the United States. He was convicted of drug trafficking related offenses on November 12, 2014 in the United States District Court for the District of

Connecticut.

After completing his resulting prison term, Cabrera was taken into ICE custody on August 25, 2017. *See* Doc. 1, ¶ 11. An immigration judge ordered his removal on December 21, 2017. *See* Doc. 7, p. 7. This federal habeas corpus action was filed while Petitioner had an appeal of the adverse removal decision pending before the Board of Immigration Appeals (BIA).

## II. DISCUSSION

On October 22, 2018, Respondent filed a "Notice Of Suggestion of Mootness." Doc. 9, p. 1. The notice states that ICE agency counsel informed the United States Attorney's Office that Cabrera was removed from the United States on June 5, 2018. *See id*. Accordingly, Respondent contends that since Cabrera has been removed from this country, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459

(1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

## III. CONCLUSION

As relief, Cabrera sought his immediate release from ICE detention or in the alternative a bond hearing. *See* Doc. 1, p. 9. According to Respondent's counsel, immigration officials informed counsel that Petitioner was removed on June 5, 2018 and the ICE Online Detainee Locator System verifies Cabrera's removal. *See* Doc. 9-1. Since Cabrera is no longer being detained by ICE, under the principles set forth in *Steffel*, his instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge